UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ANN COELHO and ISOKE FEMI,                        No. 13-10975

Debtor(s).
_____/

INSTITUTE OF IMAGINAL SERVICES,

Plaintiff(s),

v.                                          A.P. No. 13-1109

ANN COELHO anf ISOKE FEMI,

Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

   Plaintiff Institute of Imaginal Studies ("Meridian University") is a private educational

institution licensed under California's Private Post Secondary Education Act of 2009, and offers

graduate degree programs in psychology. Chapter 13 debtor and defendant  Isoke Femi attended

Meridian University's psychology PhD program from 1996 to 2002.  Meridian funded Femi's tuition

loans each year pursuant to written promissory notes.

1

On May 13, 2013, Femi filed a petition for Chapter 13 relief.  On August 26, 2013, Meridian commenced this adversary proceeding seeking a declaration that Femi's obligation under the notes is nondischargeable pursuant to  §523(a)(8) of the Bankruptcy Code as an educational benefit.  It now seeks summary judgment.  The parties agree that there are no disputed material facts.

Section 523(a)(8) makes three types of educational benefits nondischargeable.  Two of them, government/nonprofit loans and IRS-qualified educational loans, are not applicable to this case.  The only issue here is whether Meridian's notes are excepted from discharge pursuant to §523(a)(8)(A)(ii), which makes nondischargeable "an obligation to repay funds received as an educational benefit, scholarship or stipend[.]"

The phrase *repay funds received* must be interpreted according to its plain meaning and requires the court to find that a debtor received actual funds in before declaring an educational benefit nondischargable under §523(a)(8)(A)(ii).  *In re Hawkins,* 317 B.R. 104, 112 (9th Cir. BAP 2004)["We agree with the bankruptcy court's holding that the subsidy received by the Debtor does not qualify as an 'educational benefit' under §523(a)(8) because the plain language . . .  requires that a debtor receive actual funds in order to obtain a nondischargeable educational benefit."].  See also *In re Christoff,* 510 B.R. 876 (Bkrtcy.N.D.Cal.2014)(Montali, J.).

Meridian relies heavily on *McKay v. Ingleson,* 558 F.3d 888 (9th Cir. 2009), but the court agrees with Judge Montali that the 2005 amendments to the Code make that case inapplicable where the governing law is section is §523(a)(8)(A)(ii), which does not mention the word "loan."

For the foregoing reasons, the court will deny Meridian's motion and, unless the parties request otherwise, will enter a judgment in favor of Femi declaring his debt to Meridian dischargeable.  Counsel for Femi shall submit an appropriate form of judgment when it is desired.

Dated:  August 4, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge

2